# EXHIBIT 1

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

DAUPHIN

_____ County

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

*For Prothonotary Use Only:*

Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [✔] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

Lead Plaintiff's Name: **Kayode Ojo**

Lead Defendant's Name: Berkshire Hathaway Direct Insurance Company

Are money damages requested? [✔] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [✔] outside arbitration limits

Is this a *Class Action Suit?* [ ] Yes [✔] No

Is this an *MDJ Appeal?* [ ] Yes [✔] No

Name of Plaintiff/Appellant's Attorney: Adam G. Reedy

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
  _____
- [✔] Other:
  BREACH OF CONTRACT AND BAD FAITH

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
  _____
  _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Updated 1/1/2011

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

KAYODE OJO, and
KBROWN LOGISTICS, LLC

          Plaintiffs

    v.

BERKSHIRE HATHAWAY DIRECT
INSURANCE COMPANY d/b/a
THREE by BERKSHIRE HATHAWAY
          Defendant

Civil Action – Law

JURY TRIAL DEMANDED

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

### NOTICE
### CONCERNING MEDIATION OF ACTIONS PENDING BEFORE
### THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY

The Judges of the Court of Common Pleas of Dauphin County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Dauphin County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

The Dauphin County Bar Association provides mediation services and can be reached at (717) 232-7536. Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the DCBA.

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.**

**SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.**

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

### *AVISO*

**REFERENCES A LA MEDIACION DE LAS ACCIONES PENDIENTES ANTES LA CORTE DE SOPLICAS COMUNES DEL CONDADO DE DAUPHIN**

*Los jueces de la corte de suplicas comunes del condado de Dauphin creen que la mediacion de pleitos es un componente muy importante de la resolucion del conflicto. Virtualmente todos los pleitos pueden beneficiar de cierta manera de la mediacion.*

*La code ha adoptado la regla local de condado de Dauphin 1001 para animar el use de la mediacion. Esta alarma temprana permite a litigantes determiner la mejor epoca durante la vida de su pleito para una sesion de la mediacion. El intento de esta alarma temprana es actuar sobre la mediacion de la buena fe en el tiempo optimo.*

*La asociacion de la barra del condado de Dauphin proporciona servicios de la mediacion y se puede alcanzar en (717) 232-7536. La sesion libre de la mediacion para los favorables casos del bono se refinio por MidPenn que los servicios juridicos estan disponibles con el DCBA.*

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

Adam G. Reedy (PA 206214)
**HANDLER HENNING & ROSENBERG LLC**
4400 Deer Path Road, Suite 205
Harrisburg, PA 17110
Ph. (717) 222-2222                                          *Attorneys for Plaintiffs*
Fax (717) 223-3029
reedy@hhrlaw.com

## IN THE COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

| | |
|---|---|
| KAYODE OJO, and<br>KBROWN LOGISTICS, LLC<br><br>              **Plaintiffs**<br><br>    **v.**<br><br>BERKSHIRE HATHAWAY DIRECT<br>INSURANCE COMPANY d/b/a<br>THREE by BERKSHIRE<br>HATHAWAY<br>              **Defendant** | Civil Action – Law<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Kayode Ojo and KBrown Logistics LLC, by and through his attorneys, **HANDLER, HENNING & ROSENBERG, LLC**, brings forth this Complaint against Defendants, Three by Berkshire Hathaway and Berkshire Hathaway Direct Insurance Company and aver as follows:

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

1.    Plaintiff, Kayode Ojo, ('Mr. Ojo') is an adult individual, who at all times relevant hereto resided at 1529 Catherine Street, Harrisburg, Dauphin County, Pennsylvania, 17104.

2.    Plaintiff, KBrown Logistics, ('KBrown') is a general freight trucking company licensed under the laws of the state of Pennsylvania and authorized to conduct business in the state of Pennsylvania, with a principal place of business located at 1529 Catherine Street, Harrisburg, Dauphin County, Pennsylvania.

3.    Plaintiff, KBrown is both owned and operated solely by Plaintiff, Mr. Ojo.

4.    Defendant, Three by Berkshire Hathaway ('Three') is an insurance company licensed under the laws of the state of Nebraska with a principal place of business located at PO Box 34897, Omaha, Douglas County, Nebraska.

5.    Defendant Three sells Workers Compensation policies to purchasers residing and employed in Pennsylvania, including Dauphin County.

6.    Defendant, Berkshire Hathaway Direct Insurance Company ('Berkshire') is an insurance company licensed under the laws of the state of Nebraska with a principal place of business located at 3024 Harney Street, Omaha, Douglas County, Nebraska.

7.    Defendant Berkshire acts as a third-party administrator for Defendant Three and handles insurance claims regarding purchasers of workers' compensation policies to purchasers residing and employed in Pennsylvania, including Dauphin County.

## OPERATIVE FACTS COMMON TO ALL COUNTS:

8.    At least as early as April 10, 2022, in return for valuable consideration, Defendant Three issued a workers compensation insurance policy ('Policy') to Plaintiff Ojo, which insured him against, among other things, work-related injury or illnesses, liability, property, and auto coverage for Plaintiff Ojo's general freight truck ('Plaintiff's vehicle').

2

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

9.    The Policy Number of Plaintiff Ojo's Policy was: CP140180030P2022.

10.    On September 9, 2022, Plaintiff Ojo, while in the scope of employment, lost control of his vehicle and crashed into nearby bushes.

11.    As a result of the crash, Plaintiff suffered injuries to his left ankle and leg, ultimately requiring surgery.

12.    Within a few days of the crash, Plaintiff contacted Defendant Three to report the collision and submitted a claim for coverage pursuant to the terms of the Policy.

13.    On September 14, 2022, Defendant Three acknowledged Plaintiff's claim for benefits, assigned the claim number WC2209004654, and Claims Representative Christopher McCaskill; who then informed Plaintiff that his claim for worker's compensation benefits was denied in full.

14.    On May 25, 2023, counsel for Plaintiff, Adam G. Reedy, Esquire, due to being unable to obtain further contact with Defendant Three, filed a Claim Petition with the Worker's Compensation Office of Adjudication, which yielded no response from Defendant Three, including no entry of appearance, nor answer filed regarding this matter.

15.    On May 26, 2023, the Claim Petition was assigned to the Honorable Judge Karl Peckmann.

16.    Hearings were scheduled and held on both July 5, 2023, August 14, 2023, and October 2, 2023, all of which Defendants failed to attend.

17.    As of the hearing on October 2, 2023, counsel for Plaintiff, Adam G. Reedy, Esquire, filed a Yellow Freight motion, which was granted by Judge Peckmann. This motion then put Defendant on notice that they had 30 days to advise the Judge if they planned to contest the Claim Petition with any defenses and if they failed to attend the next scheduled hearing, Judge

3

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

Peckmann would grant the Claim Petition based on Employer's failure to answer the petition and attend the hearings.

18.    A subsequent hearing was scheduled and held on November 15, 2023, which Defendant again failed to attend, resulting in Judge Peckmann granting Plaintiff's Claim Petition for workers compensation benefits, holding that both parties are bound by the provisions of the Worker's Compensation Act.

19.    To date, Plaintiff's counsel has been unable to obtain contact with Defendant Three who has failed to resolve the claim by payment or offer of payment to Plaintiff Ojo in accordance with the terms of the Policy and the Order of Judgment dated November 15, 2023.

20.    Plaintiff has invested significant amounts of time, money, and resources in attempting to obtain such benefits and the failure of Defendant to promptly and fairly resolve Plaintiff's claim for coverage has caused and may continue to cause harm to Plaintiff.

## COUNT I – BREACH OF CONTRACT
### KAYODE OJO v. BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY d/b/a THREE BY BERKSHIRE HATHAWAY

20.    Plaintiff incorporates, by reference thereto, the averments contained in the preceding paragraphs as if set forth herein at length.

21.    Defendant has breached its contractual obligations to Plaintiff as follows:

   a) By failing to honor the terms of the contract it entered into with Plaintiff as described in the preceding paragraphs;

   b) By failing to pay damages due to Plaintiff under the terms of the contract;

   c) By failing to complete its' obligations under the contract to investigate and offer to pay the value of Plaintiff's claim;

   d) By refusing to honor or otherwise pay Plaintiff's claim for damages; and

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

e) By failing to treat its insured in good faith and fair dealing as described in Count II of this Complaint, the averments of which are incorporated by reference thereto.

**WHEREFORE,** Plaintiff asks that judgment be entered in his favor and against the Defendant for contractual damages, including consequential damages, plus interest and all costs and fees allowed by law.

## COUNT II – BAD FAITH PURSUANT TO 42 Pa. C.S. §8371: <u>KAYODE OJO v. BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY d/b/a THREE BY BERKSHIRE HATHAWAY</u>

22.    Plaintiff incorporates, by reference thereto, the averments contained in the preceding paragraphs as if set forth herein at length.

23.    Defendant, itself or through its agents and representatives, acted in bad faith toward the Plaintiff in violation of 42 Pa. C.S.A. §8371, as follows:

a) In refusing to honor or otherwise pay Plaintiff's claim for workers compensation insurance benefits and coverage;

b) In failing to timely complete its investigation as to the value of Plaintiff's claim for auto insurance benefits and collision coverage;

c) In unreasonably delaying resolution of Plaintiff's claim for workers compensation insurance benefits and coverage;

d) By refusing to pay benefits when they were due;

e) In failing to make a reasonable settlement offer;

f) In elevating its' own interest above the interests of its insured;

g) In failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under the insurance policy;

5

h) In failing to adopt and implement reasonable standards for the prompt investigation and resolution of claims;

i) In refusing to pay Plaintiff's claim without a reasonable basis;

j) In failing to attempt, in good faith, to effectuate prompt, fair and equitable settlement of Plaintiff's claim when the Defendant's liability had reasonably become clear;

k) In compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;

l) In unreasonably delaying the investigation and resolution of Plaintiff's claim for auto insurance benefits and collision coverage;

m) In inadequately investigating the amount of damages/benefits due to Plaintiff;

n) In denying Plaintiff's claim for benefits by refusing to pay; and

o) In failing to deal with its insured in good faith and fair dealing as described above.

p) In failing to adhere to the Court Order granting Plaintiff's Claim Petition for benefits dated November 15, 2023.

24. Defendant Three did not have a reasonable basis for denying Plaintiff's workers compensation insurance benefits under the policy of insurance it issued, and Plaintiff paid for.

25. Defendant knew, or recklessly disregarded its lack of a reasonable basis for denying Plaintiff's workers compensation insurance benefits.

**WHEREFORE**, Plaintiff asks that judgment be entered in his favor and against Defendant and that Plaintiff be awarded damages due under the workers compensation insurance contract with Defendant, as well as the following pursuant to Pa. C.S.A. §8371:

1) Interest on the amount of the claim from the date the claim was made by Plaintiff in an amount equal to the prime rate plus three percent (3%);

2) Punitive Damages; and

6

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

3) Court costs and attorney fees.

Plus, any other damages allowed by law.

Respectfully submitted,

**HANDLER, HENNING & ROSENBERG, LLC**

Date: 05/14/2025

BY: _____

Adam G. Reedy (PA 206214)

*Attorneys for Plaintiffs.*
*Kayode Ojo*

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

HANDLER HENNING & ROSENBERG, LLC

Adam G. Reedy (206214)

Dauphin County Prothonotary E-Filed - 14 May 2025 11:14:07 AM
Case Number: 2025-CV-03766

## VERIFICATION
## PURSUANT TO PA R.C.P. NO. 1024 (c)

**Adam G. Reedy,** states they are the attorney for the party filing the foregoing document; and makes this affidavit as an attorney, and verifies that it is correct and accurate to the best of their knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa C.S. §4904 relating to unsworn falsification to authorities.

_____
Adam G. Reedy, Esquire

Date:    05/14/2025