IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAYODE OJO and : No. 1:25cv1110
KBROWN LOGISTICS, LLC, :
      Plaintiffs : (Judge Munley)
:
v. :
:
BERKSHIRE HATHAWAY :
DIRECT INSURANCE COMPANY d/b/a :
THREE by BERKSHIRE HATHAWAY, :
      Defendant :

## MEMORANDUM

Plaintiff Kayode Ojo is a truck driver. He is his own employer through an LLC. To guard against the effects of an on-the-job injury, plaintiff purchased an insurance policy from Defendant Berkshire Hathaway Direct Insurance Company. The policy provided him with workers' compensation benefits.

After purchasing the policy, Ojo crashed his truck and sustained an injury in the course and scope of his employment. Defendant promptly denied his workers' compensation claim. Ojo filed a claim petition with the state workers' compensation adjudication office. Defendant then ignored that petition. A workers' compensation judge ultimately found in Ojo's favor. Even then, the defendant did not pay benefits.

Ojo responded by seeking recourse through the courts of the Commonwealth. He filed an action in state court seeking to recoup the unpaid

benefits. The defendant-insurer may have ignored Ojo's workers' compensation claim, but it did not ignore this lawsuit. Defendant removed the action to federal court and promptly filed a motion to dismiss based upon the exclusivity provisions of the Pennsylvania Workers' Compensation Act ("the Act"). For the reasons set forth below, those provisions bar this action. Defendant's motion will be granted, and the complaint will be dismissed with prejudice.

**Background**

Plaintiff is a self-employed truck driver operating under the distinct legal entity of KBrown Logistics, LLC ("the LLC").[1] (Doc. 1-2, State Court Compl. ¶¶ 1–2). As alleged, Ojo purchased a workers' compensation insurance policy from the defendant.[2] Id. ¶¶ 8–9. Following a one-vehicle accident in September 2022, plaintiff filed a claim for workers' compensation benefits, which the defendant

---

[1] The caption of the complaint lists the LLC as a co-plaintiff. A single paragraph of the complaint identifies the LLC as "a general freight trucking company licensed under the laws of the state of Pennsylvania[.]" (Doc. 1-2 ¶ 2). After that paragraph, however, the LLC is never mentioned again — not in the "operative facts common to all counts," not in the headings of the two counts raised in the complaint, not in the *ad damnum* clauses, and not on the signature page for counsel. Since the complaint fails to delineate separate counts or distinct factual allegations regarding the LLC, the court will refer to Ojo as "plaintiff" in the singular.

[2] The caption of complaint lists one defendant, Berkshire Hathaway Direct Insurance Company d/b/a Three by Berkshire Hathaway. The complaint appears, in some respects, to treat "Three by Berkshire Hathaway" as a separate defendant. Id. ¶ 4–7. To avoid similar issues in this memorandum, the court refers to Berkshire Hathaway Direct Insurance Company d/b/a Three by Berkshire Hathaway as "defendant" or "defendant-insurer" in this memorandum.

"denied in full" less than one week later. Id. ¶¶ 10–13.  Ojo's counsel was then unable to further contact the defendant. Id. ¶ 14.

Approximately eight (8) months later, in May 2023, Ojo filed a claim petition against the defendant-insurer under the Act through the Pennsylvania Workers' Compensation Office of Adjudication. Id.  A state workers' compensation judge ("WCJ") was assigned to hear the petition. Id. ¶ 15.  Defendant did not answer the claim petition or otherwise appear for the proceedings. Id. ¶ 14. Defendant failed to attend hearings in July, August, and October 2023. Id. ¶ 16.  Consequently, plaintiff's counsel filed a motion under Yellow Freight Sys., Inc. v. Workmen's Comp. Appeal Bd., 423 A.2d 1125, 1127 (Pa. Commw. Ct. 1981).[3] Id. ¶ 17.  The WCJ granted the motion. Id.  When the defendant-insurer did not attend a hearing in November 2023, the WCJ granted plaintiff's claim petition for workers' compensation benefits. Id. ¶ 18.  Defendant, however, never paid Ojo the awarded benefits nor did it respond to plaintiff's counsel's requests for payment. Id. ¶ 19.

---

[3] In Pennsylvania workers' compensation matters, a Yellow Freight motion is a motion to have all facts deemed admitted due to the employer or insurer's failure to file a timely answer.  423 A.2d at 1127–28 (discussing Section 416 of the Act, 77 PA. STAT. § § 821); see also Hollis v. C&R Laundry Servs. LLC, 299 A.3d 1086, 1092 (Pa. Commw. Ct. 2023), app. denied, 314 A.3d 822 (Pa. 2024).

Almost 18 months later, on May 14, 2025, Ojo and his LLC filed this action in the Dauphin County Court of Common Pleas asserting claims for breach of contract and statutory bad faith under 42 PA. CONS. STAT. § 8371. Defendant timely removed the action to this court, (Doc. 1), and filed a motion to dismiss, (Doc. 3). The motion has been fully briefed and is ripe for disposition.

**Jurisdiction**

Ojo is a citizen of Pennsylvania. (Doc. 1-2, State Court Compl. ¶ 1). He is the only member of KBrown Logistics, LLC. Id. ¶ 2. Accordingly, the LLC is also a citizen of Pennsylvania. Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Defendant is a Nebraska corporation with its principal place of business in Nebraska. (Doc. 1-2, ¶¶ 4, 6). Furthermore, based on the injuries alleged in plaintiff's complaint, the amount in controversy exceeds $75,000. It is alleged that Ojo sustained an injury to left ankle and leg in a workplace accident and required surgery. Id. ¶ 11. The court thus has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332, and applies Pennsylvania substantive law in this matter, Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Defendant has filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive the motion, plaintiffs' complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Doe v. Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022) (quoting FED. R. CIV. P. 8(a)(2)). This means that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief which is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

In its motion to dismiss, the defendant-insurer raises an affirmative defense, immunity under the exclusivity provisions of the Act. Generally, the Federal Rules of Civil Procedure require defendants to plead affirmative defenses in their answer, not in a motion to dismiss. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted). In the Third Circuit, however, any

affirmative defense may be raised in a motion to dismiss if the defense is apparent on the face of the complaint. Lupian v. Joseph Cory Holdings LLC, 905 F.3d 127, 130 (3d Cir. 2018); Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886–87 (3d Cir. 1997); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Additionally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." Id. Here, Ojo's complaint specifically discusses his successful workers' compensation claim petition against the defendant. Defendant's immunity under the Act may be properly considered here.

**Analysis**

In this matter, the plaintiff alleges that he was injured in the course and scope of his employment. (Doc. 1-2, ¶¶ 10–11). As long recognized, the Act creates a comprehensive statutory remedy for workplace injuries. Franczyk v. Home Depot, Inc., 292 A.3d 852, 853 (Pa. 2023).

Under the Act, "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes…entitled to damages in any action at law or otherwise on account of any injury[.]" 77 PA. STAT. § 481(a). That provision immunizes Ojo as his own employer. As for the defendant, a workers' compensation insurer is entitled to the same immunities and protections as the insured employer, including the immunity provided by the exclusivity provision. See Franczyk, 292 A.3d at 858, n.28 (citing PA. STAT. § 501(a)(1)).

Regarding these immunity provisions and civil actions, the Pennsylvania Supreme Court has held that when a claim is "[r]educed to its essence," and that essence is a wrongful delay or refusal to pay benefits, the claim "must… be adjudicated within the framework of the [workers' compensation] statute." Kuney v. PMA Insurance Co., 578 A.2d 1285 (Pa. 1990) ("Kuney II")). Furthermore, in Kuney II, the court rejected an exception to the exclusivity rules based upon "wrongful conduct" by the insurer. Id. at 1287.

Under Pennsylvania law, "[t]he exclusivity provisions of the workers' compensation law prohibit a tort action against the insurance carrier for damages caused by the insurer's allegedly intentional mishandling of the injured employee's compensation claim," id. at 1288, even "if the insurer is alleged to

7

have engaged in fraud and deceit to deprive an injured employee of his workers' compensation benefits[,]" id. at 1285. Accordingly, the Third Circuit Court of Appeals has held that the exclusivity provisions preclude claims for breach of contract and statutory bad faith arising out of an insurer's denial of a workers' compensation claim. Winterberg v. Transportation Ins. Co., 72 F.3d 318, 324 (3d Cir. 1995) (predicting Pennsylvania law).

In essence, Ojo advances that the defendant's conduct — denying the claim, ignoring the workers' compensation claim petition, and defying the workers' compensation judge's order — is so egregious that the defendant is liable for breach of contract and statutory bad faith. But even in this specific scenario, an injured employee cannot disregard the state workers' compensation scheme and bring a civil action in state or federal court. Id. at 320.

In response to the motion to dismiss, Ojo concedes that the exclusive remedy provisions of the Act are impediments to his claims. (Doc. 9, Br. in Opp at 8). Despite this concession, Ojo asserts in his opposition brief that the "breach of contract and bad faith claims are being brought by" the LLC, "in their capacity as employer; the purchaser of an insurance policy from [the defendant]." Id. Ojo also argues that the LLC "is not seeking compensation for a work-related injury

but rather damages for defendants' failure to honor the contractual agreement for insurance coverage" that the LLC paid for. Id.

Ojo's arguments are not persuasive. They contradict the allegations asserted in the operative pleading, which is not a model of clarity. Specifically, the complaint alleges that the defendant issued the workers' compensation policy directly to Ojo, not to the LLC. (Doc. 1-2 ¶¶ 8–9). Every other pleading deficiency then piles on. For example, save for a brief reference, the LLC is not mentioned in the complaint. Ojo also did not plead any distinct commercial injury to the LLC, only damages for his personal injuries related to the denial of workers' compensation benefits. Ojo is referred to as the plaintiff and he is treated in the pleading as the only plaintiff.

Therefore, whether the claims are asserted on Ojo's behalf or on behalf of the single-member LLC or both, all roads lead back to the exclusivity provisions in the Act. Those provisions immunize the defendant in this matter. The motion to dismiss will be granted.[4] Ojo must seek recourse through the workers'

---

[4] Defendant also argues that the bad faith claim is insufficiently pled and time-barred by the applicable statute of limitations. The court need not reach these arguments but will note plaintiff's allegation that defendant denied the claim in September 2022. This action was not filed until May 2025. In Pennsylvania, statutory bad faith actions are subject to a two-year statute of limitations. Ash v. Cont'l Ins. Co., 932 A.2d 877, 885 (Pa. 2007).

compensation system where he has already been successful.[5] Amendment would be futile. An appropriate order dismissing this action thus follows.

Date: 1/2/26

_____
JUDGE JULIA K. MUNLEY
United States District Court

---

[5] As alleged, Ojo successfully established his claim to workers' compensation benefits under the Act in state administrative proceedings. (Doc. 1-2 ¶¶ 14–20). If an insurer causes "unreasonable or excessive delays," in paying benefits the workers' compensation judge may penalize it up to 50% of the benefits due. 77 PA. STAT. § 991(d)(i). Furthermore, if an employer procures insurance and the insurer defaults on payment for thirty days, the claimant can convert the administrative award into a judgment against the insurer in state court. 77 PA. STAT § 921.